UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
      :
EMANUEL STRONG,                                 :      24 Civ. 2315 (JPC) (GS)
      :
            Plaintiff,      :      <u>ORDER OF SERVICE</u>
      :
           - against -      :
      :
THE CITY OF NEW YORK, et al.,      :
      :
           Defendants.      :
      :
------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

        Plaintiff Emanuel Strong, proceeding *pro se*, initiated this action on March 27, 2024 by filing a Complaint and alleging, *inter alia*, that while he was employed as a correction officer by the New York City Department of Correction ("DOC") he was denied timely workers' compensation and reasonable accommodations in violation of the Americans with Disabilities Act and the New York State Civil Service Law, as well as other federal and state laws. (*See generally* Dkt. No. 1).[1] The Court issues this Order to address Plaintiff's request to file an amended complaint and his objection to the undersigned's Order striking his prior amended pleading, as well as to clarify the state of the proceedings and parties to this action.

        **A.**      **Procedural Background**

        On April 25, 2024, the Honorable John P. Cronan issued an Order of Service directing the Clerk of Court to issue summonses as to Defendant the City of New York and, as alleged, six individuals employed during the relevant time period by the DOC or the George R. Vierno Center ("GRVC"), the DOC jail facility where Plaintiff worked. (Dkt. No. 6). These six

---

[1] The docket reflects that Plaintiff paid the filing fee on or around April 12, 2024.

1

individuals are: (1) Elizabeth Lundi; (2) Antoinette Cort; (3) Elyn Rivera; (4) George Gustave; (5) Naheim Stokes; and (6) Dymita Harper. (*Id.*; Dkt. No. 1 ¶¶ 9–19).

On April 30, 2024, the Clerk issued summonses as to the City and the six individual Defendants. (Dkt. No. 7). As Judge Cronan noted in the Order of Service, the issuance of the summonses triggered the 90-day period within which Plaintiff was required to effect service on these Defendants. (Dkt. No. 6 at 1 (citing Fed. R. Civ. P. 4)). On July 26, 2024, shortly before the 90-day period expired, Plaintiff filed an amended complaint (the "First Amended Complaint"). (Dkt. No. 17). Plaintiff also submitted Proofs of Service indicating that the City and four of the six individual Defendants—Lundi, Cort, Rivera, and Harper—had been served on July 25, 2024, one day before Plaintiff filed his First Amended Complaint. (Dkt. No. 18). To date, the City is the only Defendant that has acknowledged service.

On August 16, 2024, without any intervening submissions from any Defendant or direction from the Court, Plaintiff submitted a motion for leave to amend his complaint again, which is currently pending before the Court, and attached a proposed complaint (the "Second Amended Complaint"). (Dkt. No. 19). The Second Amended Complaint again names as Defendants the City and the six individual Defendants listed in Plaintiff's initial Complaint, but also adds three other employees or former employees of the DOC who were not previously named: (1) Lynelle Maginley-Liddie; (2) Louis A. Molina; and (3) Solange Grey.

Based on this series of events, the Court found it evident that the document that Plaintiff desired to be his operative pleading in this action was the Second Amended Complaint, his most recently filed complaint. Accordingly, in an August 22, 2024 Order, the undersigned, *inter alia*, directed the Clerk to strike Plaintiff's First Amended Complaint and directed Defendants to inform the Court as to whether they consent to Plaintiff filing his Second Amended Complaint.

2

(Dkt. No. 21). In a letter dated August 28, 2024, the Office of the Corporation Counsel for the City of New York stated that the City consents to Plaintiff filing the Second Amended Complaint and proposed a deadline of October 11, 2024 to respond. (Dkt. No. 24).[2]

In the meantime, on August 24, 2024, Plaintiff submitted a letter objecting to the undersigned's August 22 Order. Plaintiff specifically objected to the undersigned directing the Clerk to strike his First Amended Complaint because this was the *only* pleading that he had served on the City and the four individual Defendants. (*See* Dkt. No. 25 at 1, 4). That is to say, the papers Plaintiff served consisted of the original summonses issued pursuant to Judge Cronan's Order of Service—*i.e.*, the only summonses that have been issued in this action to date—and a purported amended pleading that had not been filed in this action at the time Plaintiff served it on these Defendants. (*See id.*). Plaintiff asserted that by striking his First Amended Complaint the undersigned effectively "terminated [his] lawsuit" against the City and his right to seek a default judgment against the City and the four individual Defendants he claims to have served with the First Amended Complaint. (*Id.* at 4).

Before receiving any response from the Court, Plaintiff filed a Notice of Interlocutory Appeal on September 23, 2024 notifying the Court that he had appealed the August 22 Order to the Second Circuit. (Dkt. No. 28). In light of this appeal, the City requested a stay of further proceedings in this case. (Dkt. No. 30). The Court granted the City's application and stayed this action pending resolution of Plaintiff's appeal. (Dkt. No. 31).

On February 14, 2025, the Court was notified that the Second Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Dkt. No. 35 (dismissing appeal "because a final order

---

[2] Corporation Counsel's letter also purports to consent to service of the Second Amended Complaint on behalf of the DOC. However, the DOC is not named as a defendant in the Second Amended Complaint and it was terminated as a defendant in this case by Judge Cronan via memo endorsement on June 12, 2024. (Dkt. No. 14 (dismissing all claims against DOC on the ground that "[a]n agency of the City of New York cannot be sued")).

3

has not been issued by the district court as contemplated by 28 U.S.C. § 1291")). Accordingly, as Plaintiff's disagreement with the August 22 Order was neither resolved on appeal nor previously addressed by the Court, the undersigned turns to this now, as well as the issues raised by the events discussed above.

### B.  Plaintiff's Requests for Relief

Plaintiff primarily argues that his First Amended Complaint should be reinstated so that he can obtain a default judgment against the City and the four individual Defendants. (Dkt. No. 25 at 4). On August 20, 2024, Plaintiff requested that the Clerk of Court enter a default against the City and the four individual Defendants because, according to Plaintiff, their respective answers to his First Amended Complaint were due either August 15 or 16, 2024 (depending on the date of service) and they had not made any timely submissions. (Dkt. No. 23). But even if the First Amended Complaint had not been stricken, the Court would not hold any of the Defendants in default at this time for several reasons.

First, Plaintiff's filing of the proposed Second Amended Complaint rendered moot his application for a default judgment. *See, e.g.*, *Vasquez v. Young Chow Garden, Inc.*, No. 17 Civ. 5605 (PGG), 2018 WL 11452581, at *1 (S.D.N.Y. Nov. 16, 2018) ("[M]ultiple courts agree . . . that once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied.") (citation omitted); *Ramirez v. Clinton Panaderia, Inc.*, No. 20 Civ. 6143 (JS) (SIL), 2023 WL 2061413, at *4 (E.D.N.Y. Feb. 17, 2023) ("As the operative pleading, an amended complaint renders a prior entry of default a nullity and moots a pending motion for default judgment.") (citation omitted).

Second, the City appeared in this action and requested an extension of time to answer Plaintiff's First Amended Complaint on August 19, 2024, just two business days after its answer

4

was due on August 15, 2024. (Dkt. No. 20). The Court (had it not stricken the First Amended Complaint) would have granted that request, and subsequently did grant the City's request for an extension of time to respond to the Second Amended Complaint. (Dkt. No. 26). Plaintiff was not and is not entitled to a default judgment given this minimal delay and the absence of any prejudice to Plaintiff resulting from the delay. *See, e.g.*, *Martin v. Cnty. of Suffolk*, No. 13 Civ. 2104 (JFB) (WDW), 2014 WL 1232906, at *3 n.5 (E.D.N.Y. Mar. 26, 2014) (no basis for default judgment given that "the two-day delay was negligible, plaintiff has failed to demonstrate any prejudice suffered as a result of the delay, and there is a strong preference for resolving claims on their merits").

Further, as to the individual Defendants, Corporation Counsel represented in its August 19, 2024 letter that it was in the process of investigating Plaintiff's allegations and determining whether it would represent the individual Defendants in addition to the City. (Dkt. No. 20). The Court anticipated it would be informed of the resolution of this investigation at the time the City responded to the operative complaint, which has not yet occurred due to Plaintiff's interlocutory appeal.

The Court therefore declines to vacate its August 22 Order striking the First Amended Complaint and denies Plaintiff's request for entry of default judgment. The Court finds it is appropriate to permit Plaintiff to proceed with his Second Amended Complaint and accordingly directs the Clerk of Court and the parties as provided below.

* * *

The **Clerk of Court** is respectfully directed to:

1. Lift the STAY in this action that was imposed pursuant to the Court's October 9, 2024 Order. (Dkt. No. 31).

2. Separately docket Plaintiff's proposed Second Amended Complaint (Dkt. No. 19 at ECF page numbers 5–49) as the Second Amended Complaint.

3. Close Plaintiff's corresponding motion pending at Docket No. 19.

4. Electronically notify the DOC and the New York City Law Department of this Order.

The Court requests that **the Office of the Corporation Counsel waive service** on behalf of the individuals named in the Second Amended Complaint.[3] Corporation Counsel shall file an appropriate waiver of service by no later than **one month from the date of this Order** if it elects to do so, or inform the Court by that deadline if it declines to waive service on behalf of any of the individual Defendants. Corporation Counsel shall also inform the Court at that time if it will be representing the individual Defendants in this action. If the individual Defendants elect to waive service, the time for all Defendants, including the City, to answer or otherwise respond to the Second Amended Complaint will be sixty days from the date that the waivers are filed, pursuant to the Court's Memorandum of Understanding with the DOC.

To the extent **Plaintiff** objects to any determinations in this Order, or seeks clarification with respect to the issues discussed above, Plaintiff is directed to file a request for a conference with the undersigned.

**SO ORDERED.**

Dated:    New York, New York
          March 19, 2025

_____
GARY STEIN
United States Magistrate Judge

---

[3] As noted above, the nine individual Defendants named in the Second Amended Complaint are: (1) Lynelle Maginley-Liddie, Commissioner, DOC; (2) Louis A. Molina, former Commissioner, DOC; (3) Solange Grey, Deputy Commissioner, DOC; (4) Elizabeth Lundi, Assistant Commissioner, DOC; (5) Antoinette Cort, Assistant Commissioner, DOC; (6) Elyn Rivera, Deputy Warden, GRVC; (7) George Gustuve, Assistant Deputy Warden, GRVC; (8) Naheim Stokes, Assistant Deputy Warden, GRVC; and (9) Dymita Harper, Captain, GRVC.