UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUEL STRONG, Plaintiff, -v- THE CITY OF NEW YORK, *et al.*, Defendants. | 24 Civ. 2315 (JPC) (GS) OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiff Emanuel Strong brings this action against the City of New York (the "City") and nine individual Defendants employed by the New York City Department of Correction ("DOC")—Lynelle Maginley-Liddie, Louis A. Molina, Solange Grey, Elizabeth Lundi, Antoinette Cort, Elyn Rivera, George Gustuve, Naheim Stokes, and Dymita Harper (collectively with the City, "Defendants")—asserting violations of his constitutional, statutory, and common law rights under federal and New York law in connection with his employment as a correction officer at the George R. Vierno Center on Rikers Island. Dkt. 37 ("SAC").[1] The gravamen of the Second Amended Complaint is that, after Strong suffered physical and psychological injuries from assaults by inmates, Defendants disregarded the light-duty medical accommodations he had been granted, forced him to work full-duty posts and excessive overtime, and disciplined and suspended him

[1] Strong initially also named the New York City Department of Correction as a Defendant, but on June 12, 2024, the Court dismissed all claims against that agency because "[a]n agency of the City of New York cannot be sued." Dkt. 14; *see* N.Y.C. Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Green v. Pryce*, No. 15 Civ. 3527 (MKB), 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015).

when he refused. On December 8, 2025, Defendants moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 47. Strong did not oppose the motion. On August 6, 2026, the Honorable Gary Stein, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned grant in part and deny in part Defendants' motion. Dkt. 48 ("R&R"). For reasons that follow, the Court adopts Judge Stein's Report and Recommendation in its entirety.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no timely objections are made, a district court reviews the report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised that the parties had fourteen days from service to file any objections. R&R at 74. The Report and Recommendation further warned that failure to timely file such objections would preclude appellate review. *Id.* The Report and Recommendation was filed on August 6, 2026, on which date it was electronically served on the parties, so the parties' deadline for objections was August 20, 2026. It is now August 21, 2026, and no objections have been filed by any party. The parties therefore have waived the right to object to the Report and Recommendation. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding that waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well founded and entirely correct. Beginning with Strong's claims under 42 U.S.C. § 1983 (Counts I through VIII), the Court agrees with Judge Stein that these claims should be dismissed. Although Strong's September and October 2023 notices about the dangers of forced overtime and double tours plausibly constituted speech by a citizen on a matter of public concern, *see Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 212 (2d Cir. 2002), Strong's First Amendment retaliation claim fails due to the lack of a causal connection between that protected speech and any adverse action. Strong's suspensions all predated the notices, and by Strong's own account, the forced overtime and undesirable assignments began in May 2022, more than a year before the notices. *See Hill v. City of New York*, 136 F. Supp. 3d 304, 348-49 (E.D.N.Y. 2015) (dismissing a First Amendment retaliation claim because the alleged adverse actions "all began well before Plaintiffs' claimed public advocacy" and the "mere continuation" of those actions "fails to sustain an inference of retaliatory intent" (internal quotation marks omitted)). Strong's claim for "willful imprisonment," which is properly construed as a Fourth Amendment claim for false imprisonment under Section 1983, also fails because the Second Amended Complaint does not plausibly allege that any Defendant actually confined him or that a reasonable person in his position would have believed that he was not free to leave, and "the threat of termination from one's employment" cannot support a false imprisonment claim. *Frey v. City of New York*, No. 12 Civ. 2074 (TPG), 2013 WL 706051, at *3 (S.D.N.Y. Feb. 27, 2013).

Judge Stein also correctly concluded that Strong cannot bring a Section 1983 claim for disability discrimination, retaliation, and hostile work environment. "A § 1983 action may not . . . be brought to vindicate rights conferred only by a statute that contains its own structure for private enforcement," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004), and each of

those claims rests on the "freedom from discrimination on the basis of disability," a right secured by the Americans with Disabilities Act ("ADA"), *Fierro v. N.Y.C. Dep't of Educ.*, 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014). Additionally, because Strong has not plausibly alleged any underlying constitutional violation, his failure-to-supervise, failure-to-intervene, and *Monell* claims necessarily fail as well. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *Blyden v. Mancusi*, 186 F.3d 252, 265 (2d Cir. 1999).

Turning to the claims that Judge Stein recommended not dismissing, the Court agrees that Strong has stated claims against the City for disability discrimination under the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. *See Romano v. A360 Media, LLC*, No. 20 Civ. 8988 (LTS), 2023 WL 348459, at *6 (S.D.N.Y. Jan. 20, 2023) ("The elements to find disability discrimination under the NYSHRL and NYCHRL generally track the ADA, with the caveat that the NYSHRL provides broader protection than the ADA, and the NYCHRL is broader still." (internal quotation marks omitted)). The Second Amended Complaint plausibly alleges at least two qualifying disabilities—an anxiety disorder marked by recurrent panic attacks and Crohn's disease—in addition to adverse employment actions in the form of multiple suspensions without pay. *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 224 (2d Cir. 2001) (suspension without pay constitutes an adverse employment action in the context of an ADA claim). As for causation, Strong alleges that each of his 2023 suspensions was imposed after he refused orders to work full-duty posts, that those refusals were a direct result of his disabilities, and that the Defendants who suspended him knew of his disabilities and light-duty

accommodations. As to the June 2022 suspension, Strong alleges that if his then-operative accommodation had been honored, he would not have been assigned to the housing area shift that ultimately led to his suspension. These allegations plausibly support the requisite "minimal inference of discriminatory motivation." *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 20 (2d Cir. 2015) (summary order) (internal quotation marks omitted). Additionally, Strong states a claim under a failure-to-accommodate theory because although DOC's own medical professionals repeatedly assigned him light-duty accommodations with no inmate supervision, Defendants allegedly declined to honor those accommodations in practice, and "defendants who fail to honor and abide by a granted accommodation effectually refuse to accommodate the plaintiff." *Tafolla v. Cnty. of Suffolk*, No. 17 Civ. 4897 (JS), 2021 WL 3675042, at *6 (E.D.N.Y. Aug. 19, 2021), *aff'd in part, rev'd in part on other grounds and remanded sub nom. Tafolla v. Heilig*, 80 F.4th 111 (2d Cir. 2023).

Strong has also stated claims against the City for retaliation and hostile work environment under the ADA. His repeated verbal and written grievances protesting assignments that disregarded his light-duty status, and his written explanations invoking the ADA in response to the orders of Stokes and Gustuve, constitute protected activity of which his supervisors were aware. *See Flieger v. E. Suffolk BOCES*, 693 F. App'x 14, 18 (2d Cir. 2017) (summary order); *King v. Town of Wallkill*, 302 F. Supp. 2d 279, 293 (S.D.N.Y. 2004). Strong alleges that his complaints were followed closely by suspensions without pay, undesirable assignments, and forced double tours, which suffices to plead the requisite causal connection. *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 170 (2d Cir. 2024). Additionally, Strong's allegations that supervisors who knew of his medical needs assigned him disproportionately burdensome and dangerous posts, directed staff not to respond when he called for medical assistance during panic

attacks, terminated his time-due submissions, and threatened him with the "worst posts guaranteed," SAC ¶ 147, describe harassment sufficiently severe or pervasive to state a hostile work environment claim at the pleading stage. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 73-74 (2d Cir. 2019); *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003) (noting that the Second Circuit has "repeatedly cautioned against setting the bar too high").

As Judge Stein explained, however, Strong's ADA claims cannot proceed against the individual Defendants, as the ADA does not provide for individual liability. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010); *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 302-03 (S.D.N.Y. 2016). By contrast, the NYSHRL and the NYCHRL do allow recovery against individual defendants for disability discrimination, *see Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318, 329-30 (S.D.N.Y. 2024), and Defendants make no argument that those claims are defectively pled as to any particular individual Defendant. The Court therefore adopts Judge Stein's recommendations that Strong's ADA claims be dismissed as against the individual Defendants only and that his NYSHRL and NYCHRL claims proceed against all Defendants.

The Court also agrees that Strong's retaliation claim under New York Civil Service Law Section 75-b should survive against the City but must be dismissed as against the individual Defendants, since Section 75-b does not allow for individual liability. *See Verdi v. City of New York*, 306 F. Supp. 3d 532, 549 (S.D.N.Y. 2018). As to the City, a public employee must exhaust contractual remedies before suing under Section 75-b only when an applicable collective bargaining agreement "contains (1) a clause preventing an employer from taking adverse personnel actions and (2) an arbitration provision." *Specht v. City of New York*, 15 F.4th 594, 605 (2d Cir. 2021). At the Rule 12(b)(6) stage, the Court's review is limited to the allegations of the complaint and documents incorporated by reference in or integral to the complaint. *See Chambers v. Time*

*Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). While the Second Amended Complaint alleges the existence of a collective bargaining agreement, *see* SAC ¶ 225, it does not allege any provisions that trigger an exhaustion requirement under Section 75-b. Nor have Defendants provided the Court with the relevant agreement, described its contents, or even contended that it contains provisions necessary to trigger the exhaustion requirement. While a collective bargaining agreement may later foreclose this claim, *see* R&R at 60, dismissal is not warranted at this stage.

Judge Stein's recommendation to dismiss Strong's remaining claims under New York law is similarly adopted. Strong's claim under New York General Municipal Law Section 207-c fails because he does not allege that he ever applied for benefits under that statute, and absent any prior administrative determination by the City, the Court has no ability to compel the issuance of such benefits. *See Olivier v. Cnty. of Rockland*, 688 N.Y.S.2d 580, 580 (2d Dep't 1999). His claim under New York Labor Law Section 162 fails "as a matter of law because there is no private right of action under" that provision. *Kim v. Kini LIC Corp.*, 806 F. Supp. 3d 277, 295 (E.D.N.Y. 2025) (internal quotation marks omitted). His claim under New York Labor Law Section 168 fails because that provision applies only to certain persons "employed by the state," N.Y. Lab. L. § 168(1)—a category that does not include Strong, an employee of the City. And his claim under New York Labor Law Section 193 fails because a "government agency" is excluded from the definition of "employer" applicable to that provision. N.Y. Lab. L. § 190(3).

As for Strong's claim under New York Civil Service Law Section 75, the statute directs that review of an allegedly improper disciplinary determination, including a suspension without pay, be sought either administratively or through a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules. *See* N.Y. Civ. Serv. L. § 76(1). The Court agrees with Judge Stein that it should follow "[t]he overwhelming majority of district courts" in this Circuit, which

"have found that they are without power to" exercise supplemental jurisdiction over Article 78 claims "or have declined to do so." *Bens BBQ, Inc. v. Cnty. of Suffolk*, No. 19 Civ. 3584 (SJF), 2020 WL 3790349, at *2 (E.D.N.Y. July 7, 2020) (citation omitted). Strong's defamation claim fails as well because Strong does not allege that either of the potentially actionable statements—the May 8, 2023 disciplinary complaint and the September 18, 2023 departmental complaint—was "published to a third party." *Greer v. Fox News Media*, No. 22-1970, 2023 WL 2671796, at *2 (2d Cir. Mar. 29, 2023) (summary order) (citation omitted).

Finally, the Court concludes that the dismissed claims should be dismissed without leave to amend. Although leave to amend should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Strong has already amended his complaint twice, did not oppose Defendants' motion, and has not requested leave to amend. Moreover, the defects in the dismissed claims are in large measure irremediable: Strong's disability-based Section 1983 claims are not cognizable as a matter of law, his ADA and Section 75-b claims cannot be maintained against the individual Defendants, and his claims under General Municipal Law Section 207-c, Labor Law Sections 162, 168, and 193, and Civil Service Law Section 75 fail for reasons that better pleading cannot cure. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it."). The dismissal of Strong's Civil Service Law Section 75 claim, however, reflects the Court's decision to decline to

exercise supplemental jurisdiction rather than a determination on the merits, and thus is without prejudice to any relief Strong may seek in state court.

The Court therefore adopts Judge Stein's Report and Recommendation in its entirety. Defendants' motion to dismiss is granted as to Counts I through VIII, Counts XII through XVI, and Count XIX of the Second Amended Complaint, which are dismissed as to all Defendants. Defendants' motion is granted in part as to Strong's claims under the ADA (Counts IX and X) and New York Civil Service Law Section 75-b (Count XVII), which are dismissed as against the individual Defendants only. The motion is denied as to Strong's claims against the City for disability discrimination, retaliation, and hostile work environment under the ADA (Counts IX and X); as to his disability discrimination claims under the NYSHRL (Count XI) and the NYCHRL (Count XVIII); and as to his retaliation claim against the City under New York Civil Service Law Section 75-b (Count XVII).

The Clerk of Court is respectfully directed to close Docket Number 47.

SO ORDERED.

Dated: August 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge